UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FREDEKING and CRYSTAL ARANDA,<br><br>                              Plaintiffs,<br>v.<br><br>AURORA BEHAVIORAL HEALTH CENTER, INC,<br><br>                              Defendant. | Case No.: 3:17-CV-01807-CAB-(KSC)<br><br>**ORDER ON MOTION TO DISMISS**<br>**[Doc. No. 4]** |

    On September 20, 2017, Defendant Aurora Behavioral Health Center, Inc. filed a motion to dismiss [Doc. No. 4]. More than a month has passed, and Plaintiffs have not filed an opposition.

    Civil Local Rule 7.1.e.2 requires a party opposing a motion file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. CivLR 7.1.e.2. Failure to comply with the local rules setting a deadline to oppose a motion "may constitute a consent to the granting of a motion." CivLR 7.1.f.3.c. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's

failure to oppose as consent to granting the motion). That Plaintiffs are proceeding *pro se* in this action does not excuse their failure to follow the rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("*Pro se* litigants must follow the same rules of procedure that govern other litigants.").

Here, Defendant filed proof of service of the motion, signaling that Plaintiffs were served at the address provided on the face of the complaint. [Doc. No. 5.] The motion had a noticed hearing date of October 25, 2017. Therefore, Plaintiffs' opposition to the motion was due on October 11, 2017. As of the date of this order, Plaintiffs have not filed a response.

Additionally, the Court has reviewed the complaint and notes that it fails to identify any claims asserted against Defendant and does not set forth any factual allegations. [Doc. No. 1.] *See e.g., Bielma v. Bostic*, Case No.: 15cv1606-MMA (BLM), 2016 WL 29624, *8 (S.D. Cal. Jan. 4, 2016) (quoting *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)) (A complaint that lacks "simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential elements of a complaint."). Furthermore, the complaint purports to be a class action and a plaintiff appearing *pro se* cannot act as counsel for a class.

In light of the foregoing, it is hereby **ORDERED** that Defendant's motion to dismiss [Doc. No. 4] is **GRANTED.** It is further **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

It is **SO ORDERED**.

Dated: October 27, 2017

Hon. Cathy Ann Bencivengo
United States District Judge